UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLIN BANCROFT,<br><br>               Plaintiff,<br>v.<br><br>MINNESOTA LIFE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C17-1312JLR<br><br>ORDER GRANTING MOTION TO SEAL |

Before the court is Plaintiff Colin Bancroft's motion to file under seal certain documents upon which he relied in support of his motion to compel further discovery from Defendant Minnesota Life Insurance Company ("Minnesota Life"). (MTS (Dkt. # 53); *see also* 6/15/18 Crowe Ltr. (Dkt. # 56) (describing discovery dispute); 6/15/18 Crowe Decl. (Dkt. ## 54 (redacted), 55 (sealed)).) In the motion to seal, Mr. Bancroft states that although he does not agree that the documents at issue should be sealed, pursuant to the stipulated protective order, he is required to file a motion to seal the

documents under Local Rule LCR 5(g)(3).  (MTS at 2 (citing Local Rules W.D. Wash. LCR 5(g)(3)(B)); *see also* Stip. Protective Order (Dkt. # 28) ¶ 4.3.)

Minnesota Life responds that the court should maintain the seal on the documents at issue.  (Resp. (Dkt. # 59).)  Minnesota Life asserts that those documents should remain under seal because they contain medical and financial information of non-parties.  (*Id.* at 3.)  Where documents are submitted in support of a non-dispositive motion, the party seeking to protect the documents under seal need only show "good cause" for doing so.  *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1177-79 (9th Cir. 2006).  The court has reviewed Minnesota Life's response to Mr. Bancroft's motion (*see* Resp.), as well as the sealed documents at issue (*see* Dkt. # 55).  The court concludes that Minnesota Life has met the "good cause" standard for maintaining the documents under seal.

Accordingly, the court GRANTS the motion (Dkt. # 53) and DIRECTS the clerk to maintain the seal on docket number 55.

Dated this 12th day of July, 2018.

JAMES L. ROBART
United States District Judge