The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLIN BANCROFT,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MINNESOTA LIFE INS. CO.,<br><br>                    Defendant. | NO.     2:17-cv-01312-JLR<br><br>**PLAINTIFF'S MOTION TO RETAX**<br><br>*NOTE ON MOTION CALENDAR:*<br>*September 21, 2018* |

On July 30, 2018, defendant Minnesota Life filed and gave notice of its motion for award of costs. *See* Dkt. 67. Plaintiff filed its opposition to defendant's motion on August 8, 2018, arguing that defendant's motion should be denied as it was procedurally improper and because it would be inequitable to award costs in this instance.[1] Defendant did not file a brief in reply. On August 24, 2018, the clerk awarded defendant $3,671.40 in costs and stated it had no discretion but to allow costs to the prevailing party. Dkt. 73 at 2. Plaintiff brings this motion pursuant to Fed. R. Civ. Proc. Rule 54(d)(1) and Local Rule 54(d)(4) and requests the Court to modify the clerk's taxation of costs and deny defendant's request for costs.

---

[1] *See* Dkts. 70-71. Plaintiff incorporates these documents into this motion. In plaintiff's opposition, plaintiff alternatively argued that in the event costs were awarded they should be reduced. *See* Dkt. 70 at 6:4-7:24. The clerk agreed with plaintiff that certain costs requested by defendant were not allowed. *See* Dkt. 73.

Plaintiff's Motion to Retax - 1
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

The Court should modify the clerk's taxation of costs because the defendant's motion was procedurally improper and because it would be inequitable to award costs in this instance.

### A. **Defendant's Motion is Procedurally Improper and Should be Denied**.

The clerk taxed costs based on Fed. R. Civ. P. 54(d) and Local Rule 54(d).  *See* Dkt. 67 Motion at 1.  However, defendant violated both of these procedural rules.

Fed. R. Civ. P. 54(d)(1) provides that "[t]he clerk may tax costs on 14 days' notice."  Here, defendant filed and gave notice of its motion on Monday July 30, 2018.  *See* Dkt. 67 at 1-3.  Defendant noted its motion for August 10, 2018.  *See id*. at 1.  Defendant's motion only provided 11 days' notice – not the minimum 14 days' notice required by Fed. R. Civ. P. 54(d)(1).  Defendant's motion should have been denied as Fed. R. Civ. P. 54(d)(1) only authorizes the clerk to tax costs where at least 14 days' notice is provided.  *Cf*. FED. R. CIV. P. 54 Advisory Committee's Note (2009) (explaining that FRCP Rule 54(d)(1) was changed because the "14-day period provides a better opportunity to prepare and present a response.").  Here defendant plainly did not provide the required notice.  Thus, the clerk was not authorized to tax costs under Fed. R. Civ. P. 54(d)(1).  Fed. R. Civ. P. 54(d)(1) does not provide the clerk discretion to disregard the notice requirement.

Consistent with Fed. R. Civ. P. 54(d)(1), Local Rule 54(d)(1) provides that "[t]he motion for costs shall be noted for consideration pursuant to LCR 7(d)(3)." (emphasis supplied); *see also Eastwood v. National Enquirer*, 123 F.3d 1249, 1257 (9th Cir. 1997) ("local rules are standing orders for purposes of Rule 54(d)").  Since a motion for award of costs is not specified in Local Rule 7(d)(3), it "shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion."  Local Rule 7(d)(3) (emphasis supplied).  This Local Rule ensures that the 14 days' notice required by Fed. R. Civ. P. 54(d)(1) is met.  However, defendant improperly noted its motion for the *second* Friday after it was filed, not the *third* Friday as Local Rule 7(d)(3) requires.  Therefore, the Court should modify the clerk's taxation of costs and deny defendant's request for costs as its motion was procedurally

Plaintiff's Motion to Retax - 2
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

improper under this District's Local Rules. *See Mercado v HRC Collection Ctr.,* No. 3:12-cv-122-J-32JBT, 2013 U.S. Dist. LEXIS 166164 *4 (M.D. Fla. Nov. 19, 2013) (denying request for costs as it failed to comply with local rules); *LaGarde v. Metz*, No 13-805-RLB, 2017 U.S. Dist. LEXIS 82928 *9-10 (M.D. La. May 31, 2017) (same); *see also Puget Sound Elec. Workers Health & Welfare Trust v. Lighthouse Elec. Group*, No C12-276 RAJ, 2013 U.S. Dist. LEXIS 149046 *2 (W.D. Wash. Oct. 15, 2013) (denying motion as being procedurally improper where party failed to abide by Local Rule 7(d)(3)).  The Ninth Circuit has made plain that denying a claim for costs is appropriate where a party fails to follow a local rule adopted by a district.  *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) ("district courts are free to adopt local rules establishing deadlines for filing claims for attorneys' fees and costs … and Lytle cites no persuasive authority that the local rule should not have been enforced.").

## B. An Award of Costs in This Instance Is Not Warranted.

Defendant should not be awarded its costs in this matter because plaintiff was effectively the prevailing party and because it would otherwise be inequitable to award defendant costs.

Plaintiff prevailed in this litigation.  As a result of this litigation, plaintiff was paid $384,000.  Defendant was awarded no amount.  On June 8, 2017, defendant refused to pay plaintiff the $384,000 he requested pursuant to his life insurance policy.  *See* Dkt. 30-2 at 65.  This refusal to pay was the genesis of plaintiff's complaint.  *See, generally*, Dkt. 1.  However, after plaintiff filed a motion for summary judgment on October 25, 2017 (Dkt. 7), defendant paid the amount requested under the policy a week later.  *See* Dkt. 30-2 at 73-75.

Initially, when it made the payment in November 2017, defendant informed plaintiff that it treated plaintiff's complaint as a "new claim."  *See id*. at 73 ("A complaint was received and we are treating it as a new claim.").  This apparently was to avoid a claim that litigation caused the insurer to reconsider its claim decision.  However, when deposed on March 27, 2018, defendant acknowledged that only one claim was made by plaintiff in this matter.  *See*

Plaintiff's Motion to Retax - 3
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Dkt. 30-1 at 27.  Indeed, defendant admitted that its payment of the claim was premised on the fact that "there was active litigation on an existing claim that we were responding to." *Id*.  That is to say, defendant recognized that it paid the claim due to this litigation.

Under Washington law where an insured must "file suit for damages to obtain the benefit of its insurance contract … [the Washington Supreme Court] believe[s] that an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of the insurance contract." *Olympic Steamship Co. v. Centennial Ins. Co*., 117 Wn.2d 37, 52-53 (1991).  Indeed, in a similar case this Court found that attorney fees for the insured were required when a pending summary judgment motion led the insurer to change its coverage decision.  *See Jaco Environmental, Inc. v. Am. Int'l Specialty Lines Ins. Co*., No. 2:09-cv-0145 JLR, 2009 WL 1591340 *10 (W.D. Wash. May 19, 2009).  In *Jaco*, this Court explained that

> It was not until after [plaintiff] filed the present action that [defendant] admitted its obligation to defend [plaintiff] dating back to initiation of the [] suit … However, [defendant's] acknowledgement came only after [plaintiff] had filed its motion for partial summary judgment ... [plaintiff] was forced to bring this action to establish its right under the policy … Because [defendant] forced [plaintiff] to bring suit to establish its right to a defense under the policy, [plaintiff] is entitled to its attorney fees in this matter under *Olympic Steamship.*

*Id*.  Although in this case the Court dismissed all of plaintiff's claims and entered judgment prior to the issue of *Olympic Steamship* fees being raised,[2] defendant's admissions and the timing of the payment show that plaintiff's litigation efforts were effective and directly led to the $384,000 payment.  It would be highly inequitable for the Court to award costs to defendant in this instance where the litigation led to plaintiff being paid $384,000.  As of November 2017 when Mr. Bancroft received $384,000, he had substantially prevailed in his litigation efforts.[3]

---

[2] Plaintiff is appealing this Court's order.  *See* Dkt. 69.

[3] *See* Dkt. 71 at ¶ 2 (explaining that at the time plaintiff received the $384,000 payment, more than $60,000 in attorney fees and costs were incurred).  This amount substantially exceeds the amount of costs defendant now requests to be paid.

Plaintiff's Motion to Retax - 4
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

It would otherwise be inequitable for defendant to recoup its costs in this matter.  FRCP 54(d)(1) "vests in the district court discretion to refuse to award costs.  The discretion is not unlimited.  A district court must specify reasons for its refusal to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citations and quotations omitted).

> Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.  This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc*., 743 F.3d. 1236, 1248 (9th Cir. 2014) (citations and quotations omitted).

The Washington Supreme Court has explained the substantial public importance in awarding fees to an insured where it is successful in receiving recovery from an insurer.  In *Olympic Steamship*, the Washington Supreme Court explained that courts have "recognized that disparity of bargaining power between an insurance company and its policyholder makes the insurance contract substantially different from other commercial contracts … Further, allowing an award of attorney fees will encourage the prompt payment of claims." *Olympic Steamship*, 117 Wn.2d at 52-53.  It would be contrary to the Washington Supreme Court's analysis to award costs to an insurer – to the detriment of an insured – for litigation which ultimately led to payment being made.

In this matter it was undisputed that the insurer was wholly unaware of laws related to accelerated benefits in the state of Washington. *See, e.g*., Dkt. 30-1 at 23.  For instance, the insurer in this matter plainly and repeatedly admitted that it had absolutely no obligation to engage with its insured in alternative dispute resolution. *See, e.g.,* Dkt. 30-1 at 17, 33-34.  This is contrary to WAC 284-23-730.  Regardless, the Court concluded that ultimately it was the insured's obligation to read the policy differently than the insurer and reasoned that the

Plaintiff's Motion to Retax - 5
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

insured must "invoke his right to alternative dispute resolution under the ABPR." Dkt. 64 at 35. The Court stated during oral argument that this raised an "interesting question." Dkt. 66 (hearing transcript) at 36. The Court also explained that it could find no authority in Washington which was directly on point. *See* Dkt. 64 at 35 ("The court found no case law interpreting a similar alternative dispute resolution clause."). So although the Court summarily dismissed plaintiff's claims, this "close" or "difficult" issue was at the heart of the Court's analysis.

There is also no doubt that the financial positions of the parties weighs against awarding costs to the insurer. The insurer makes billions of dollars in revenues per year.[4] The insured conversely has medically retired from all work at this time given his terminal illness which led to his life insurance benefits being paid. *See* Dkt. 40-1 at 4. Plaintiff otherwise has minimal assets. *See id*. at 33-34 (explaining he has minimal retirement assets) & 35-36 (minimal savings and other property).

Plaintiff in this matter filed suit not knowing when or if he would ever receive payment pursuant to the claim he made under his life insurance policy. As a result of this litigation, he was paid $384,000. Given the economic results and other equitable concerns, the Court should modify the clerk's taxation of costs and not award defendant any costs.

## CONCLUSION

Defendant's request for costs was procedurally improper and violated both FRCP 54(d)(1) and Local Rule 54(d)(1). It would be inequitable to award costs to defendant in this case. Plaintiff's motion to retax should be granted and the clerk's taxation of costs should be modified so that defendant is awarded no costs.

---

[4] *See* https://www.securian.com/sites/securian/about-us/financials-and-reports.

Plaintiff's Motion to Retax - 6
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

DATED this 31st day of August, 2018.

VAN KAMPEN & CROWE PLLC


/s/ *David E. Crowe*

David E. Crowe, WSBA No. 43529
Attorneys for Plaintiff Colin Bancroft

**Declaration of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Medora A. Marisseau, WSBA# 23114
>J. Derek Little, WSBA # 40560
>Jacque E. St. Romain, WSBA# 44167
>KARR TUTTLE CAMPBELL
>701 Fifth Avenue, Suite 3300
>Seattle, WA 98104
>Attorneys for Defendant Minnesota Life Ins. Co.
>*mmarisseau@karrtuttle.com*
>*dlittle@karrtuttle.com*
>*jstromain@karrtuttle.com*

Signed at Seattle, Washington this 31st day of August, 2018.


/s/ *David E. Crowe*

David E. Crowe

Plaintiff's Motion to Retax - 7
Case No. 2:17-cv-01312 JLR

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353