UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLIN BANCROFT,<br><br>              Plaintiff,<br>   v.<br><br>MINNESOTA LIFE INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. C17-1312JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS |

## I.  INTRODUCTION

Before the court is Plaintiff Colin Bancroft's motion to retax costs in this suit. (Mot. (Dkt. # 74).) Defendant Minnesota Life Insurance Company ("Minnesota Life") opposes the motion. (Resp. (Dkt. # 75).) The court has considered the motion, the

//

//

//

parties' submissions in support of and in opposition to the motion, other relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

## II. BACKGROUND

On July 18, 2018, the court denied Mr. Bancroft's motion for partial summary judgment and granted Minnesota Life's cross-motion for summary judgment on all of Mr. Bancroft's claims. (SJ Order (Dkt. # 64).) The court entered judgment in favor of Minnesota Life and dismissed the case with prejudice that same day. (Judg. (Dkt. # 65).)

On July 30, 2018, Minnesota Life filed a motion for an award of $4,586.24 in costs. (MFC (Dkt. # 67).) Minnesota Life noted its motion for August 10, 2018, which provided just 11 days of notice to Mr. Bancroft, rather than the 14 days required by the federal and local rules. (*See id.* at 1); *see* Fed. R. Civ. P. 54(d)(1); *see also* Local Rules W.D. Wash. LCR 54(d). On August 8, 2018, Mr. Bancroft filed his opposition to Minnesota Life's motion. (8/8/18 Resp. (Dkt. # 70).) In his opposition, Mr. Bancroft made all of the arguments he advances in his present motion, including that (1) the motion was procedurally improper because Minnesota Life noted it incorrectly, (2) Mr. Bancroft, and not Minnesota Life, was the actual prevailing party, and (3) the relative financial positions of the party weighed against an award. (*Compare id.* at 1-6, *with* Mot. at 1-6.) In addition, Mr. Bancroft objected to certain specific cost items totaling $914.86

//

---

[1] No party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court considers oral argument to be unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

of the costs that Minnesota Life requested.  (*See* 8/8/18 Resp. at 6-7.)  Minnesota Life did not file a reply.  (*See generally* Dkt.)

The court referred Minnesota Life's motion to the Clerk.  (*See* 7/31/18 Dkt. Entry.)  On August 24, 2018, the Clerk granted Minnesota Life's motion in part but disallowed the $914.84 in costs to which Mr. Bancroft raised specific objections.  (8/24/18 Order (Dkt. # 73).)  In total, the Clerk awarded $3,671.40 in costs to Minnesota Life.  (*Id.* at 1.)  The Clerk also stated that he "had no discretion but to allow costs to the prevailing party," and that the "relative financial positions of the parties [could not] be taken into consideration by the [C]lerk."  (*Id.* at 2.)

On August 31, 2018, Mr. Bancroft filed the present motion to retax costs.  (*See* Mot.)  He asks the court to "modify the [C]lerk's taxation of costs and deny [Minnesota Life's] request for costs."  (*Id.* at 1.)  Minnesota Life opposes the motion.  (*See* Resp.)  The court now considers Mr. Bancroft's motion.

### III.   ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part:  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  As a general matter, Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party.  *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003).  This presumption is so strong that a court "need not give affirmative reasons for awarding costs" to the prevailing party in rendering its decision on a motion to retax.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  "To overcome this strong

presumption in favor of awarding costs to the prevailing party, the losing party must convince the court that the case on which the [motion for costs] rests is 'not ordinary,' or, in other words, that it would not be equitable for the losing party to bear the costs." *Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, No. 216CV02367ODWFFM, 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018) (quoting *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 592–93 (9th Cir. 2000)).

Mr. Bancroft makes three arguments in support of his motion. First, he argues that the court should deny an award of costs to Minnesota Life because Minnesota Life improperly noted its motion with only 11 days of notice to Mr. Bancroft rather than the required 14. (Mot. at 2-3.) Next, he argues that an award of costs is unwarranted because he—not Minnesota Life—was the actual prevailing party. (*Id.* at 3-6.) Finally, he argues that the court should refrain from awarding costs due to the financial disparity between the parties. (*Id.* at 6.) The court addresses each argument in turn.

**A.      Insufficient Notice**

There is no dispute that Minnesota Life made an error in noting its motion with only 11 days' notice. (*See* Resp. at 1.) Rule 54(d)(1) provides that "[t]he clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). Accordingly, Minnesota Life should have noted its motion for three Fridays after filing rather than only two. *See* Local Rules W.D. Wash. LCR 54(d)(3) ("The motion for costs shall be noted for consideration pursuant to LCR 7(d)(3)."); *see also id.* LCR 7(d)(3) (stating that, with certain exceptions that do not include motions to tax costs, "all other motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the

motion."). Minnesota Life's noting error, however, provides no basis for overturning the Clerk's decision to tax costs against Mr. Bancroft.

Mr. Bancroft demonstrates no prejudice from Minnesota Life's error which shorted him three (3) days in responding to Minnesota Life's motion. Indeed, there is no argument that he asserts now that he failed to assert in response to Minnesota Life's motion. (*Compare* Mot., *with* 8/8/18 Resp.) Further, the Clerk granted all of the specific cost reductions he requested. (*See* 8/24/18 Order (reducing Minnesota Life's award of costs from $4,586.24 to $3,671.40).)

With respect to Mr. Bancroft's other arguments, the Clerk stated that he had "no discretion but to allow costs to the prevailing party"—meaning Minnesota Life—and that he could not take into consideration "[t]he relative financial positions of the parties." (8/24/18 Order at 2.) Although the Clerk may have been unable to consider all of Mr. Bancroft's arguments, this court can. Indeed, Mr. Bancroft now has had a full opportunity to present all of his arguments to the court—by filing his present motion and reply memorandum. (*See generally* Mot.; Reply (Dkt. # 76).) Accordingly, the court cannot conclude that Mr. Bancroft was prejudiced by Minnesota Life's noting error and so declines to overturn the Clerk's award on that basis.[2] *See, e.g.*, *Bates v. State Farm*

---

[2] The cases upon which Mr. Bancroft relies are distinguishable. Most involve motions for an award of costs that were filed too late, rather than noted for consideration too early. *See Mercado v. HRC Collection Ctr.*, No. 3:12-CV-122-J-32JBT, 2013 WL 6085221, at *1 (M.D. Fla. Nov. 19, 2013) (denying the defendants' motion for costs because they "filed their Motion for Costs . . . six weeks after entry of the Judgment"); *Lagarde v. Metz*, No. CV 13-805-RLB, 2017 WL 2371817, at *4 (M.D. La. May 31, 2017) (denying a motion for costs because the plaintiff "did not seek costs until almost a month after the . . . deadline," "failed to follow the correct procedures," and failed to show "excusable neglect"); *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (affirming the district court's refusal "to award the remaining taxable costs"

1 *Mut. Auto. Ins. Co.*, No. C14-1557JLR, 2015 WL 11714360, at *2 (W.D. Wash. Oct. 19, 2015) (denying the defendant's motion to strike the plaintiff's late response because the defendant "suffered only minimal prejudice by losing two [out of four] days of its time to prepare a reply memorandum").

## B. The Prevailing Party

Mr. Bancroft also argues that the court should not award Minnesota Life any costs because he, and not Minnesota Life, was the true prevailing party in this litigation. (*See* Mot. at 3-6.) In November 2017, more than three months after Mr. Bancroft filed suit, Minnesota Life determined that Mr. Bancroft met the policy criteria and paid him $384,000.00. Mr. Bancroft argues that Minnesota Life paid him the insurance proceeds as a result of his lawsuit, and thus he is effectively the prevailing party. (*Id.* at 3.) In support of his argument, Mr. Bancroft relies on precedent arising under *Olympic Steamship Co. v. Centennial Insurance Co.*, 811 P.2d 673 (Wash. 1991). (*See* Mot. at 4-5.) In that case, the Washington Supreme Court held "that an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract . . . ." *Olympic Steamship*, 811 P.2d at 681.

//

---

because counsel "failed to timely file a bill of costs as required" by the local rules). When a motion is filed untimely, there is no way to fully correct the error. Here, however, Mr. Bancroft could have apprised the court that he was entitled to three additional days' notice prior to responding to Minnesota Life's motion, but he did not. Further, as noted above, he now has had a full opportunity to articulate his arguments to the court. Thus, the court does not find the cases upon which Mr. Bancroft relies persuasive.

1     Even assuming that precedent related to *Olympic Steamship* is applicable to an award of costs under Rule 54(d)(1),[3] the court cannot conclude that Minnesota Life made the insurance proceeds payment to Mr. Bancroft as a result of the litigation. Indeed, in its order granting Minnesota Life's motion for summary judgment, the court stated:

> Due to the passage of nearly five additional months since her original opinion in early June 2017, her acceptance of Dr. Cowan's October 2017 statement "that individuals with similar factors as Mr. Bancroft" had a (non-biologic) MIPI prognosis of 29 months, her inference that the "marked" improvement anticipated by Dr. Cowan had not occurred, and the fact that Mr. Bancroft may have taken a turn for the worse or there may have been negative developments in Mr. Bancroft's treatment, Dr. [Shapland] used the 29-month median survival (non-biologic MIPI) and determined based on a 90% certainty standard that as of November 1, 2017, Mr. Bancroft's life expectancy was 24 months or less. (5/7/18 Shapland Decl. ¶ 9; Shapland Dep. at 108:3-122:6.) Minnesota Life paid Mr. Bancroft $384,000.00 the next day. (Plf. 2d MSJ at 12; Def. MSJ at 10.)

(SJ Order (Dkt. # 64) at 15.) Thus, Minnesota Life's payment of insurance proceeds to Mr. Bancroft was the result of a reevaluation of Mr. Bancroft's life expectancy on November 1, 2017; not the instigation of litigation by Mr. Bancroft. Further, the court expressly denied Mr. Bancroft's claim that Minnesota Life had breached the policy by provisionally denying his claim on June 8, 2017. (*See id.* at 24-32.) Thus, the record does not support Mr. Bancroft's contention that Minnesota Life paid benefits to him as a result of his lawsuit. Instead, undisputed facts in the record indicate that Minnesota Life

//

---

[3] An award of attorney's fees under *Olympic Steamship* represents an "equitable exception to the American rule," under which "a court has no power to award attorneys' fees . . . in the absence of contract, statute, or recognized ground of equity." *Jaco Env'l, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 2:09-cv-0145 JLR, 2009 WL 1591340, at *10 (W.D. Wash. May 19, 2009). In contrast, Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *See Miles*, 320 F.3d at 988.

eventually paid him the insurance proceeds because, by November 1, 2017, he met the criteria required under the insurance policy.[4]

Minnesota Life prevailed on every aspect of its cross-motion for summary judgment and in opposing Mr. Bancroft's summary judgment motion. (*See generally* SJ Order.) The court concludes, therefore, that Minnesota Life was the "prevailing party" for purposes of an award of costs under Rule 54(d)(1).

**C. Disparate Financial Positions**

Finally, Mr. Bancroft asserts that the relative financial positions of the parties weigh in favor of denying an award of costs. (Mot. at 6.) The Ninth Circuit has held that "[c]osts are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014) (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999)). The burden is on Mr. Bancroft to prove his limited financial resources. *See Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, No. 216CV02367ODWFFM, 2018 WL 910459, at *3 (C.D. Cal. Feb. 14, 2018) (citing *Mam v. City of Fullerton*, No. SACV111242JLSMLGX, 2014 WL 12573550, at *1 (C.D. Cal. July 24, 2014) ("The losing party has the burden of showing why costs should not be awarded.")); *see also Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) ("The

---

[4] This case is, therefore, unlike *Jaco Environmental, Inc.*, 2009 WL 1591340, at *10, in which the insurance company did not admit its obligation to defend the insured "dating back to the initiation of the [underlying] suit" until after the insured had filed its coverage lawsuit. (*See* Mot. at 4 (relying upon *Jaco*).) In contrast, here, the court concluded that Minnesota Life did not breach its insurance contract by provisionally denying Mr. Bancroft benefits on June 8, 2017, which precipitated his suit. (*See* SJ Order at 24-32.)

burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses.").

In his motion, Mr. Bancroft states that he is "medically retired." (Mot. at 6 (citing Bancroft Dep. (Dkt. # 40-1) at 4).) He also asserts that he has "minimal" retirement assets and other savings and property. (*Id.* (citing Bancroft Dep. at 33-36).) In his deposition, he states that, after paying off his debts, he has approximately $75,000.00 left of the $384,000.00 that Minnesota Life paid him on November 1, 2017. (*See* Bancroft Dep. at 33-36.) This evidence is insufficient for the court to conclude that Mr. Bancroft would "be rendered indigent" should the court require him to pay $3,671.40 in costs. *See Escriba*, 743 F.3d at 1248 (quoting *Stanley*, 178 F.3d at 1080).

Indeed, the $3,671.40 award is relatively small. *Compare Save Our Valley*, 335 F.3d at 946 (upholding the "relatively small sum" of $5,310.55), *with Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (reversing and remanding the district court's denial of a motion to re-tax costs of $46,710.97, which had been awarded against an unemployed civil rights plaintiff), *and Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (holding that the district court did not abuse its discretion by refusing to award "overwhelming" and "extraordinarily high" costs of $216,443.67 against plaintiffs whose "resources are limited"). This case simply does not present "the rare occasion where severe injustice will result from an award of costs." *See Save Our Valley*, 335 F.3d at 945. The court cannot conclude that Minnesota Life's costs are so high—nor that Mr. Bancroft's means so limited—to overcome the strong presumption in favor of awarding

costs. *See Camfield*, 2018 WL 910459, at *4.  Accordingly, the court denies Mr. Bancroft's motion to retax costs.

### IV.   CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Bancroft's motion to retax costs (Dkt # 74) and upholds the Clerk's decision to tax costs of $3,671.40 against Mr. Bancroft and in favor of Minnesota Life (Dkt. # 73).

Dated this 26th day of October, 2018.

JAMES L. ROBART
United States District Judge